This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40379**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**BENJAMIN CLEMENTS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Shannon Murdock, District Court Judge**

Raúl Torrez, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The State appeals the district court's denial of its motion to present preliminary hearing testimony at trial for a witness who had been declared unavailable. The State contends the district court misapplied the law surrounding the admission of preliminary hearing testimony and misinterpreted the law limiting the use of leading questions on direct examination. For the following reasons, we affirm the district court's denial of the State's motion.

**BACKGROUND**

**{2}** On July 26, 2019, a preliminary hearing was held to determine probable cause in pursuit of charges against Defendant. At the preliminary hearing, the alleged victim, a child, made multiple statements incriminating Defendant. Defense counsel objected throughout the preliminary hearing to leading questions from the State used to elicit the victim's testimony. Later, during a Rule 5-504 NMRA recording of the victim's deposition to use during trial, the victim testified she could not remember events germane to the charges levied against Defendant. The judge subsequently declared the victim unavailable upon motion from the State. Thereafter, the State filed a motion to present the victim's preliminary hearing testimony at trial. The judge denied the motion, finding the preliminary hearing testimony was unfit to present at trial due to (1) "excessive leading by the State's [a]ttorney of the testimony by the minor child alleged victim," (2) "the Magistrate allow[ing] the leading testimony over the objection of defense counsel," and (3) "[t]he 'testimony' elicited from the alleged victim at the preliminary hearing violates Defendant's right to confront the witnesses against him." The State appeals pursuant to NMSA 1978, Section 39-3-3(B) (1972).

**DISCUSSION**

**I.    Neither the Confrontation Clause nor Rule 11-804(B)(1) NMRA Present a Bar to Admission**

**{3}** The State argues that the Confrontation Clause does not bar preliminary testimony when (1) the witness is unavailable at trial, and (2) the defendant had an opportunity to cross-examine the witness on the statement now being used against him. *State v. Henderson*, 2006-NMCA-059, ¶ 13, 139 N.M. 595, 136 P.3d 1005 (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). Similarly, the State also argues Rule 11-804(B)(1) permits the use of former testimony when (1) the witness is unavailable, and (2) the defendant had an opportunity and similar motive to develop witness's testimony through direct or cross-examination. *Henderson*, 2006-NMCA-059, ¶ 9 (citing Rule 11-804(B)(1)).

**{4}** We agree with the State that these tests were satisfied in this case. The victim had been declared unavailable by the judge, and Defendant's attorney cross-examined the victim during the preliminary hearing. Consequently, neither the Confrontation Clause nor Rule 11-804(B)(1) present a bar to the admission of the preliminary hearing testimony. To the extent that the district court excluded that testimony on hearsay or Confrontation Clause grounds, it erred.

**II.   The Exclusion of the Preliminary Testimony Due to Leading Questions on Direct Examination is Within the Discretion of the District Court**

**{5}** Our inquiry does not end there, however. The State claims that "the district court assumed that . . . leading questions made [the victim's] testimony unreliable and, thus, inadmissible under the Confrontation Clause." This is an imprecise description of the

district court's evidentiary ruling. Separate from the Confrontation Clause determination, the district court found that the preliminary hearing testimony was inadmissible due to "excessive leading by the State's [a]ttorney" and "the Magistrate allow[ing] the leading testimony."

**{6}** The State has not explained why exclusion of preliminary hearing testimony based on excessive leading questions constitutes reversible error. The State focuses on the necessity of using leading questions to develop testimony from witnesses who are immature, timid, or afraid. The State then declares that the victim was timid and afraid, thus justifying the use of leading questions during the preliminary hearing.

**{7}** While the use of leading questions during direct examination is sometimes permissible, the determination is "wholly within the district court's discretion." *Jojola v. Baldridge Lumber Co.*, 1981-NMCA-106, ¶ 13, 96 N.M. 761, 635 P.2d 316. Here, the State does not explain how the district court abused its discretion in excluding the preliminary hearing testimony due to excessive leading questions. *See State v. Orona*, 1979-NMSC-011, ¶ 30, 92 N.M. 450, 589 P.2d 1041 (holding the trial court abused its discretion in allowing the prosecutor to lead the witness as to each critical element of the offense).

**{8}** Finally, the State asserts that some of the incriminating testimony was elicited through nonleading questions. The State, however, did not ask the district court to consider whether certain portions of the preliminary hearing testimony are admissible on that basis; the State's argument, both below and on appeal, centers on whether the testimony as a whole is admissible. Nothing in this opinion precludes the State from seeking such a discretionary ruling on remand.

**CONCLUSION**

**{9}** For the forgoing reasons, we affirm the district court's denial of the State's motion to introduce the preliminary hearing testimony.

**{10}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**